**In re Gary William FANCHER, Debtor.**

**Bankruptcy No. 93–03463.**

United States Bankruptcy Court,
D. Idaho.

April 20, 1994.

D. Bernard Zaleha, Boise, ID, for debtor.

D. Blair Clark, Ringert Clark, Chartered, Boise, ID, for trustee.

Bernie Rakozy, Trustee, Boise, ID.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

Debtor Gary W. Fancher has filed for Chapter 7 relief. Debtor, in the past, has been employed as a bar and restaurant manager, although he is not currently employed in that profession. In his amended schedules he lists stock in a corporation known as MCGB, Inc. with a value of $9,000. Debtor claims $1,000.00 of the value of the stock attributable to a Karaoke machine as exempt pursuant to Idaho Code § 11–605(3) as a "tool of trade." In particular, Debtor believes the Karaoke machine,[1] which is owned by the corporation, is necessary for his future employment as a bar and restaurant manager, his chosen profession. Trustee has

objected to the claimed exemption on the ground that the Karaoke machine cannot be exempt as a "tool of trade," contending it is not necessary in Debtor's trade or business.

Idaho has "opted-out" of the federal bankruptcy exemptions, and its residents are limited to the exemptions allowed under state law. 11 U.S.C. § 522(b); Idaho Code § 11–609; *In re Millsap*, 91 I.B.C.R. 5, 6. Idaho Code § 11–605(3) provides:

> An individual is entitled to exemption, not exceeding one thousand dollars ($1,000) in aggregate value, of implements, professional books, and tools of the trade; ...

While there are no useful decisions from the state courts of Idaho in interpreting the "tools of trade" exemption statute, this Court has had several opportunities to construe the statute. Several rules of construction emerge from a review of the case law. First of all, Idaho's "tools of trade" exemption statutes are to be liberally construed in favor of the debtor. *In re Moon*, 98 I.B.C.R. 26, 28. Next, the item claimed as exempt must be actually utilized by the debtor in earning a living. *In re Liebe*, 92 I.B.C.R. 145, 146–147. Finally, in order to qualify as an implement of tool of trade, the item in question must be necessary to debtor to continue his trade or profession. *In re Ackerman*, 91 I.B.C.R. 26, 27–28; *In re Moon*, 89 I.B.C.R. at 30.

Even liberally construing the exemption statutes in favor of Debtor, the Court cannot agree that the Karaoke machine is properly exempt as a "tool of trade." In short, Debtor has failed to adequately demonstrate that this music machine satisfies the "necessity" requirement developed in the Court's earlier decisions. In *Moon* the Court held that the item claimed exempt by the debtor must be "necessary to enable him to pursue and make a living at his trade." *Id.* at 28. In *In re Johnson*, 87 I.B.C.R. 222, 223, it was held that a tool of trade "exemption would be granted to a debtor for the

---

1. While the Court admittedly has no personal experience in such matters, it understands a Karaoke machine to be a "sound system with a prerecorded soundtrack of popular music from which the vocal part has been erased so as to allow an individual to sing along with it, often recording his or her performance on tape or video." The Oxford Dictionary of New Words 172 (Oxford Univ. Press 1991).

purpose of protecting and continuing the debtor's trade." Obviously, this standard adopted by the Court mandates a fact specific inquiry in each case. However, a fixed strict rule is simply not feasible in the context of determining what is a "necessary" tool of trade.

Employing these standards, the Court finds the Karaoke machine may not be exempted as a "tool of trade." Debtor may still pursue his profession without the use of the Karaoke machine as it is not essential in protecting and continuing Debtor's living as a bar or restaurant manager. There is no evidence in the record that the typical bar or restaurant manager needs a Karaoke machine to carry out his or her responsibilities, or that a person is expected to own such a device in order to obtain work in the field.

The Court would liken a Karaoke machine to bar stools, tables or glasses, (or perhaps more . appropriately, to pool tables, dart boards or video games) all of which would more likely be supplied by the establishment rather than the manager. While the Court appreciates the fact that a person seeking employment in the bar and restaurant field might stand a better chance of being employed if he or she came equipped with a Karaoke machine, owning a machine is not necessary for Debtor to seek and obtain such employment.

Accordingly, it is HEREBY ORDERED That Trustee's Objection to Claim of Exemption is SUSTAINED and Debtor's claim of exemption in the Karaoke machine hereby DISALLOWED.